Brandt L. Wolkin, Esq., SBN 112220
Dawn A. Silberstein, Esq., SBN 167936
WOLKIN · CURRAN, LLP
555 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone:    (415) 982-9390
Facsimile:    (415) 982-4328

Attorneys for Defendant and Cross-Complainant,
ADMIRAL RISK INSURANCE SERVICES dba
ADMIRAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.O. UNDERGROUND CONSTRUCTION, INC., a California corporation, KAREN M. OGANDO, an individual; and JOSEPH E. OGANDO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ADMIRAL RISK INSURANCE SERVICES, INC., a Delaware corporation, dba ADMIRAL INSURANCE COMPANY, INC.; ARCH SPECIALTY INSURANCE AGENCY, INC., a Missouri corporation, dba ARCH SPECIALTY INSURANCE COMPANY; and DOES 1 through 100, inclusive;<br><br>Defendants. | Case No.: 3:13-cv-03878-RS<br><br>**STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE THIRD-PARTY COMPLAINT** |
| ADMIRAL RISK INSURANCE SERVICES, INC., a Delaware corporation, dba ADMIRAL INSURANCE COMPANY, INC.,<br><br>Cross-Complainant,<br><br>v.<br><br>ARCH SPECIALTY INSURANCE AGENCY, INC., a Missouri corporation, dba ARCH SPECIALTY INSURANCE COMPANY, and ROES 1 through 50, inclusive;<br>Cross-Defendants. | |

1.

**STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO          CASE NO.: 3:13-CV-03878-RS
FILE THIRD-PARTY COMPLAINT**

ADMIRAL RISK INSURANCE SERVICES, INC., a Delaware corporation, dba ADMIRAL INSURANCE COMPANY, INC.,

        Third-Party-Complainant,

        v.

FIREMAN'S FUND INSURANCE COMPANY, a California corporation, and MOES 1 through 50, inclusive;

        Third-Party-Defendants.

      Plaintiffs K.O. UNDERGROUND CONSTRUCTION, INC., KAREN M. OGANDO, and JOSEPH E. OGANDO (collectively "Plaintiffs"), and defendants ADMIRAL RISK INSURANCE SERVICES, INC., dba ADMIRAL INSURANCE COMPANY, INC. ("Admiral") and ARCH SPECIALTY INSURANCE AGENCY, INC., dba ARCH SPECIALTY INSURANCE COMPANY ("Arch"), ("the Parties"), by and through their respective attorneys, hereby stipulate as follows:

     1.    As part of the Parties' ongoing settlement negotiations, Admiral and Arch have determined that global settlement in the above action cannot be reached unless and until all insurance carriers with a potential insuring obligation to the Plaintiffs for the claims alleged in Plaintiffs' complaint are made a party to this action.

     2.    Admiral and Arch have determined that FIREMAN'S FUND INSURANCE COMPANY ("Fireman's") insured plaintiff, K.O. UNDERGROUND CONSTRUCTION, INC. ("KO"), for those sums which KO should become liable to pay as damages because of "bodily injury" or "property damage" to which this insurance applies under commercial general liability policy numbers: LIC000033, effective 5/6/2006 to 5/6/2007; LIC000168, effective 5/6/2007 to 5/6/2008; LIC1000361, effective 5/6/2008 to 5/6/2009; LIC1000517, effective 5/6/2009 to 5/6/2010; and LIC1000620, effective 5/6/2010 to 5/6/2011.

     3.    Admiral and Arch agree that some or all of Plaintiffs' claims are potentially covered under one or more of the above policies of insurance issued by Fireman's.

     4.    Admiral and Arch agree that Fireman's is an indispensable party to this action and, further, the Parties' claims cannot be resolved unless and until Fireman's is made

2.

a party to the action.

3. Plaintiffs having no objection to said stipulation.

4. Accordingly, the Parties stipulate that leave of Court should be granted for Admiral to file and serve the Third-Party Complaint, attached hereto as Exhibit A.

IT IS SO STIPULATED.

Dated: 11/3/2013

HARRELSON & ASSOCIATES

_____
Thomas M. Harrelson, Attorney for
Plaintiffs K.O. UNDERGROUND
CONSTRUCTION, INC., KAREN M.
OGANDO and JOSEPH E. OGANDO

Dated: 11/6/13

WOLKIN · CURRAN, LLP

_____
Brandt L. Wolkin, Attorneys for
Defendant ADMIRAL RISK INSURANCE
SERVICES dba ADMIRAL INSURANCE
COMPANY

Dated: 11/5/13

SELMAN BREITMAN, LLP

_____
Gregory J. Newman, Attorneys for
Defendant ARCH SPECIALTY INSURANCE
COMPANY

3.

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO
FILE THIRD-PARTY COMPLAINT

CASE NO.: 3:13-CV-03878-RS

**[PROPOSED] ORDER**

Defendant and Cross-Claimant ADMIRAL RISK INSURANCE SERVICES, INC., dba ADMIRAL INSURANCE COMPANY, INC., is granted leave to file and serve the Third-Party Complaint of Admiral Risk Insurance Services dba Admiral Insurance Company Against Fireman's Fund Insurance Company for: (1) Declaratory Relief Re Duty To Defend; (2) Declaratory Relief Re Duty To Indemnify; (3) Equitable Contribution Re Defense Costs; (4) Equitable Contribution Re Indemnity; And (5) Subrogation, attached hereto as Exhibit A.

**IT IS SO ORDERED.**

Dated: 11/7/13

The Honorable Judge Richard Seeborg,
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

EXHIBIT A

Brandt L. Wolkin, Esq., SBN 112220
Dawn A. Silberstein, Esq., SBN 167936
WOLKIN · CURRAN, LLP
555 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone:    (415) 982-9390
Facsimile:    (415) 982-4328

Attorneys for Defendant, Cross-Complainant and Third-Party Claimant ADMIRAL RISK INSURANCE SERVICES dba ADMIRAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.O. UNDERGROUND CONSTRUCTION, INC., a California corporation, KAREN M. OGANDO, an individual; and JOSEPH E. OGANDO, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ADMIRAL RISK INSURANCE SERVICES, INC., a Delaware corporation, dba ADMIRAL INSURANCE COMPANY, INC.; ARCH SPECIALTY INSURANCE AGENCY, INC., a Missouri corporation, dba ARCH SPECIALTY INSURANCE COMPANY; and DOES 1 through 100, inclusive;<br><br>　　　　　Defendants. | Case No.: 3:13-cv-03878-RS<br><br>**THIRD-PARTY COMPLAINT OF ADMIRAL RISK INSURANCE SERVICES dba ADMIRAL INSURANCE COMPANY AGAINST FIREMAN'S FUND INSURANCE COMPANY FOR:**<br><br>**(1) DECLARATORY RELIEF RE DUTY TO DEFEND;**<br>**(2) DECLARATORY RELIEF RE DUTY TO INDEMNIFY;**<br>**(3) EQUITABLE CONTRIBUTION RE DEFENSE COSTS;**<br>**(4) EQUITABLE CONTRIBUTION RE INDEMNITY; and**<br>**(5) SUBROGATION** |
| ADMIRAL RISK INSURANCE SERVICES, INC., a Delaware corporation, dba ADMIRAL INSURANCE COMPANY, INC.,<br><br>　　　　　Cross-Complainant,<br><br>　　v.<br><br>ARCH SPECIALTY INSURANCE AGENCY, INC., a Missouri corporation, dba ARCH SPECIALTY INSURANCE COMPANY, and ROES 1 through 50, inclusive;<br>　　　　　Cross-Defendants. | |

1.

**THIRD-PARTY COMPLAINT OF ADMIRAL INSURANCE COMPANY**　　　　　CASE NO.: 3:13-CV-03878-RS

ADMIRAL RISK INSURANCE SERVICES, INC., a Delaware corporation, dba ADMIRAL INSURANCE COMPANY, INC.,

        Third-Party-Complainant,

        v.

FIREMAN'S FUND INSURANCE COMPANY, a California corporation, and MOES 1 through 50, inclusive;

        Third-Party Defendants.

Third-party complainant ADMIRAL RISK INSURANCE SERVICES dba ADMIRAL INSURANCE COMPANY ("Admiral" or "Third-Party Claimant") is informed and believes, and based on such information and belief alleges as its Third-Party Complaint against Third Party Defendants, as follows:

## FEDERAL JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this third-party complaint under 28 U.S.C. section 1367, because the claims are related to the original claim against Admiral and form part of the same case or controversy under Article III of the United States Constitution. The Court has personal jurisdiction over Third-Party Defendant FIREMAN'S FUND INSURANCE COMPANY ("Fireman's") because its principal place of business is in Novato, California.

2. This Court has original jurisdiction over this action because, pursuant to 28 U.S.C. section 1332, there is complete diversity of citizenship between the plaintiff and defendants in the original claim, and the amount in controversy exceeds $75,000.

3. Defendant and cross-defendant ARCH SPECIALTY INSURANCE AGENCY, INC. ("Arch"), removed the original complaint to the Northern District by notice dated August 20, 2013.

4. Venue is proper in the Northern District of California, because a substantial part of the events and omissions giving rise to Admiral's claims and the claims of the Plaintiff occurred in Napa County, California. Further, Third-Party Claimant is informed and believes that the policies of insurance at issue herein were placed by a broker located in

2.

THIRD-PARTY COMPLAINT OF ADMIRAL INSURANCE COMPANY     CASE NO.: 3:13-CV-03878-RS

the county of Alameda in the State of California, and all premiums for said polices were paid in the county of Alameda.

## PARTIES

5.     Third-Party Claimant Admiral is a corporation organized, incorporated and existing under the laws of the State of Delaware, with its principal place of business in Cherry Hill, New Jersey.  Admiral is, and at all times mentioned herein was, qualified and authorized to transact business as a surety in the State of California.

6.     Third-Party Defendant Fireman's, is, and at all times mentioned in herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business in Novato, California.

7.     The true names and capacities of the fictitiously named Third-Party Defendants MOES 1 through 50 are unknown to Admiral at this time.  Admiral will, with leave of Court, amend this Third-Party Complaint to set forth the true names and capacities of such fictitiously named Third-Party Defendants when they have been ascertained.  Each of the fictitiously named Third-Party Defendants is responsible in some manner for the acts, occurrences and damages hereinafter alleged.

8.     As used herein, the term "Third-Party Defendants" shall include, jointly and severally, each of the named third-party defendants, including Fireman's and each of the MOES.

9.     As used herein, the term "Plaintiffs" shall include K.O. UNDERGROUND CONSTRUCTION, INC., a California corporation; Karen M. Ogando, an individual; and Joseph E. Ogando, an individual.

10.    At all times mentioned in this Third-Party Complaint, each of the Third-Party Defendants was the agent, servant, employee, representative, subsidiary, affiliate, partner, member, or associate of one or more of the other Third-Party Defendants, and all of the things alleged to have been done by Third-Party Defendants were done in the course and scope of that relationship and with the knowledge and consent of their principals, employers, owners, superiors, affiliates, masters, parent corporations, partners, members, associates or

3.

**THIRD-PARTY COMPLAINT OF ADMIRAL INSURANCE COMPANY**                    CASE NO.: 3:13-CV-03878-RS

representatives, except as is otherwise specifically alleged within this Third-Party Complaint.

## THE POLICIES

11. Third-Party Claimant insured plaintiff, K.O. UNDERGROUND CONSTRUCTION, INC. ( "KO"), for those sums which KO should become liable to pay as damages because of "bodily injury" or "property damage" to which this insurance applied under commercial general liability policy numbers A02AG3549-01, effective 5/6/2002 to 5/6/2003 and A03AG16997-02, effective 5/6/2003 to 5/6/2004 ("Admiral Policies").

12. Admiral is informed and believes that Defendant and Cross-Defendant Arch insured the Plaintiffs and/or KO for those sums which KO should become liable to pay as damages because of "bodily injury" or "property damage" to which this insurance applies under commercial general liability policy numbers 39PCGL001463, effective 5/6/2004 to 5/6/2005 and 39CGL02165-00, effective 5/6/2005 to 5/6/2006 ("Arch Policies").

13. Admiral is informed and believes that Third-Party Defendant Fireman's insured the Plaintiffs and/or KO for those sums which KO should become liable to pay as damages because of "bodily injury" or "property damage" to which this insurance applies under commercial general liability policy numbers: LIC000033, effective 5/6/2006 to 5/6/2007; LIC000168, effective 5/6/2007 to 5/6/2008; LIC1000361, effective 5/6/2008 to 5/6/2009; LIC1000517, effective 5/6/2009 to 5/6/2010; and LIC1000620, effective 5/6/2010 to 5/6/2011.

## GENERAL ALLEGATIONS

14. On July 10, 2013, Plaintiffs filed the original complaint in this action for breach of insurance contract [duty to defend], breach of the covenant of good faith and fair dealing, negligence and declaratory relief against defendant and Third-Party Claimant, Admiral, and against defendant and cross-defendant Arch arising out of the alleged failure of both insurers to reimburse Plaintiffs for sums paid to their personal counsel in defense of an underlying construction defect action entitled *Olympus-Calistoga, LLC, et al. v. Taisei*

///

*Construction Corp., et al.,* Napa County Superior Court case number 26-40553 and the related cross-action ("Underlying Action").

15. In their original complaint, Plaintiffs allege that the Underlying Action was a construction defect action filed on December 27, 2007 by Olympus-Calistoga, LLC, and two other Olympus entities (collectively "Olympus"), against Taisei Construction Corporation ("Taisei") in Napa County Superior Court alleging, *inter alia,* claims for property damage, bodily injury and loss of use, including lost rents, arising out of the negligent construction of a resort and spa in Napa County consisting of six owner's lodges, 46 guest lodges, a spa, a restaurant, a wine cave and a gym (the "Project"). As part of the Underlying Action, Taisei cross-claimed against various sub-contractors, including KO, alleging that they were responsible, in whole or in part, for the damages alleged in the underlying construction defect complaint.

16. Third-Party Claimant is informed and believes that KO supplied and fused gas pipes for the Project on a time-and-materials basis, with invoices dating from September of 2003 to September of 2005. The final Notice of Completion for the Project was dated May 24, 2004.

17. Third-Party Claimant is informed and believes that KO tendered its defense in the Underlying Action to Admiral's surplus lines broker on or about November 3, 2010. A notice of claim was then forwarded to Admiral on or about November 10, 2010.

18. Third-Party Claimant agreed to defend KO in the Underlying Action under a full reservation of rights. Admiral incurred $119,594.23 in defense KO in the Underlying Action and paid $25,000 settlement of the claims against KO.

19. In addition to the above sums expended in defense and indemnity of KO by Admiral, Plaintiffs are claiming a right to reimbursement of an additional $209,451.67 in attorney fees and costs incurred in defense of the Underlying Action, as well as other compensatory damages as alleged in Plaintiffs' original action.

///

///

**THIRD-PARTY COMPLAINT OF ADMIRAL INSURANCE COMPANY**  CASE NO.: 3:13-CV-03878-RS

20. Third-Party Claimant tendered KO's defense in the Underlying Action to Fireman's on September 21, 2012. As part of its September 21, 2012 tender, Admiral demanded that Fireman's reimburse Admiral for Fireman's equitable share of sums Admiral expended to defend and indemnify KO in the Underlying Action and that Fireman's reimburse KO's personal counsel for its equitable share of defense fees incurred in the defense of KO prior to appointment of defense counsel by Admiral.

21. To date, Fireman's has failed and refused to contribute its equitable share of indemnity and defense fees and costs incurred by Admiral in defense of KO in the Underlying Action and failed to reimburse KO's personal counsel for its equitable share of defense fees incurred in the defense of KO prior to appointment of defense counsel by Admiral.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief Against All Third-Party Defendants Re Duty to Defend)**

22. Admiral re-alleges and incorporates by reference paragraphs 1 through 21 above as though fully set forth herein.

23. An actual controversy has arisen and now exists between Admiral and Third-Party Defendants concerning their respective rights, duties and obligations, arising from the terms, provisions, conditions and exclusions set forth in the Admiral Policies and Third-Party Defendants' policies with respect to the coverage owed to KO toward its defense in the Underlying Action.

24. Admiral is informed and believes and based thereon contends that Third-Party Defendants owe an obligation to KO to participate in KO's defense in the Underlying Action. Based upon information and belief, Third-Party Defendants deny such an obligation.

25. Admiral seeks a judicial determination that Third-Party Defendants owe a duty to defend KO from the claims and demands asserted in the Underlying Action.

///

///

26.     Since an actual and present controversy now exists between Admiral and Third-Party Defendants concerning their duty to defend KO in the Underlying Action, a judicial determination is necessary and appropriate under the circumstances.

## SECOND CAUSE OF ACTION

**(Declaratory Relief Against All Third-Party Defendants Re Duty to Indemnify)**

27.     Admiral re-alleges and incorporates by reference paragraphs 1 through 26 above as though fully set forth herein.

28.     An actual controversy has arisen and now exists between Admiral and Third-Party Defendants concerning their respective rights, duties and obligations, arising from the terms, provisions, conditions and exclusions set forth in the Admiral Policies and Third-Party Defendants' policies with respect to the coverage owed to KO toward its indemnity in the Underlying Action.

29.     Admiral is informed and believes and based thereon contends that Third-Party Defendants owe an obligation to indemnify KO against its liability for damages in the Underlying Action.  Based upon information and belief, Cross-Defendants deny such an obligation.

30.     Admiral seeks a judicial determination that Third-Party Defendants owe a duty to indemnify KO from the claims and damages asserted in the Underlying Action.

31.     Since an actual and present controversy now exists between Admiral and Third-Party Defendants concerning their duty to indemnify KO, a judicial determination is necessary and appropriate under the circumstances.

## THIRD CAUSE OF ACTION

**(Equitable Contribution Against All Third-Party Defendants Re Defense Costs)**

32.     Admiral re-alleges and incorporates by reference paragraphs 1 through 31 above as though fully set forth herein.

33.     Admiral is informed and believes and thereon alleges that KO qualifies as an insured under Third-Party Defendants' policies and that the allegations asserted in the Underlying Action create a potential for coverage establishing a duty to defend.

7.

**THIRD-PARTY COMPLAINT OF ADMIRAL INSURANCE COMPANY**     CASE NO.: 3:13-CV-03878-RS

34. Third-Party Defendants have improperly denied any obligation to defend KO.

35. Admiral paid defense fees and costs in connection with Admiral's defense of KO in the Underlying Action in excess of its equitable share.

36. Admiral is entitled to reimbursement for an equitable share of the defense costs which have been and will be incurred by Admiral in connection with the Underlying Action and which should have been paid by Third-Party Defendants.

## FOURTH CAUSE OF ACTION

### (Equitable Contribution Against All Third-Party Defendants Re Indemnity)

37. Admiral re-alleges and incorporates by reference paragraphs 1 through 36 above as though fully set forth herein.

38. Third-Party Defendants, and each of them, are obligated to indemnify KO for liability for property damage in the Underlying Action resulting from work performed on the Project by KO, referenced above.

39. Third-Party Defendants, and each of them, have an obligation to contribute to the indemnity of KO on an equitable basis in connection with the Underlying Action. Third-Party Defendants, and each of them, are therefore obligated, under principles of equity, to reimburse Admiral for the indemnity amount Admiral inequitably incurred on behalf of KO in the Underlying Action as a result Third-Party Defendants' failure to contribute their equitable share.

## FIFTH CAUSE OF ACTION

### (Equitable Subrogation Against All Third-Party Defendants)

40. Admiral re-alleges and incorporates by reference paragraphs 1 through 39 above as though fully set forth herein.

41. As an alternative to the allegations in the Third and Fourth Causes of Action stated above, Admiral alleges that it is entitled to equitable subrogation from Third-Party Defendants.

///

42. Admiral is informed and believes, as explained above, that the work performed by KO out of which the claims of the Underlying Action arise was completed in or about September of 2005 and that the underlying project was not substantially complete until in or around May 24, 2004, after the expiration of the Admiral Policies on May 6, 2004. As such, there was no potential that any damage arising out of KO's completed operations occurred during the Admiral Policies' period. Hence, there is no potential for coverage under the insuring agreements of the Admiral Policies and Admiral had no duty to indemnify or defend KO under the terms of the Admiral Policies.

43. Third-Party Claimant is informed and believes that all of the property damage arising out of KO's completed operations necessarily took place during the effective dates of the Arch Policies and the Fireman's Policies. Hence, Arch and Fireman's owed a duty to defend and indemnify KO in the Underlying Action under the insuring agreements of their respective policies.

44. As Fireman's owed a duty to defend and indemnify KO in the Underlying Action, based on subrogation, Admiral is placed in the position of KO and is therefore allowed recovery from Third-Party Defendants who are legally responsible to KO for the defense fees and costs and indemnity Admiral has paid for KO's defense in the Underlying Action, because Admiral has paid a debt for which Third-Party Defendants are presently liable, and, in equity, should be discharged by Third-Party Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Admiral prays for relief and judgment against Third-Party Defendants as follows:

1. For a judicial determination on the First Cause of Action that Third-Party Defendants owed a duty under their respective policies to defend KO from the claims asserted against it in the Underlying Action;

2. For a judicial determination on the Second Cause of Action that Third-Party Defendants owed a duty under their respective policies to indemnify KO in the Underlying Action;

**THIRD-PARTY COMPLAINT OF ADMIRAL INSURANCE COMPANY**   CASE NO.: 3:13-CV-03878-RS

3. On the Third Cause of Action, for an award in monetary damages owed by Third-Party Defendants based on their share of the fees, costs and expenses Admiral incurred in connection with the defense of KO in the Underlying Action, the amount of which is to be determined at trial;

4. On the Fourth Cause of Action, for an award in monetary damages owed by Third-Party Defendants based on their share of the indemnity paid by Admiral in connection with the defense of KO in the Underlying Action, the amount of which is to be determined at trial;

5. On the Fifth Cause of Action, for an award in monetary damages owed by Third-Party Defendants consisting of the fees, costs and expenses Admiral incurred in connection with the defense of KO in the Underlying Action, the amount of which is to be determined at trial;

6. For other general damages according to proof;

7. For pre and post-judgment interest as provided by law;

8. For costs of suit herein; and

9. For such other relief as the Court deems just and proper.

Dated:  November 7, 2013

WOLKIN · CURRAN, LLP

*/s/ Dawn A. Silberstein*

By: _____
Brandt L. Wolkin
Dawn A. Silberstein

Attorneys for Defendant, Cross-Complainant and Third-Party Claimant
**ADMIRAL RISK INSURANCE SERVICES dba ADMIRAL INSURANCE COMPANY**